State of Louisiana v. Carr, alias Hickey.

## No. 4674.

## STATE OF LOUISIANA *v.* WILLIAM CARR, *alias* JAMES F. HICKEY.

When the judge *a quo* had already charged the jury that "they must be satisfied that the prisoner knew the certificates he published as true were false at the time of passing them, and that, if they had any reasonable doubt of his guilt, they must acquit him;"

Held—That this was substantially the charge asked for by defendant's counsel, though not identical in language, and that it met all the requirements of the law.

Where the judge *a quo* refused to charge the jury, as requested, that "the fact that defendant had offered no evidence is in no way to be taken as an admission of guilt," instead of which the judge charged "that all circumstances against the prisoner within his power to explain, which he refused to do, were to be taken and weighed by the jury as circumstances against the prisoner;"

Held— That this was an error. The accused is justified in relying, if he chooses, upon the insufficiency of the evidence adduced by the prosecution, and his so doing should not be taken as an acknowledgment by him of his guilt.

Section 10 of act 73 of 1872 does not so far abrogate section 833, Revised Statutes of 1870, that a person may not be indicted under the former, as was done in this case, for "publishing as true, false, forged and counterfeited certificates of a public officer," etc. Both laws are easily construed so as to give effect to each, and will support an indictment, if properly drawn up under each respectively.

The indictment properly sets forth the offense of which the prisoner is accused, as described in section 833, Revised Statutes of 1870, under which said indictment is drawn, and is not defective in substance. It follows substantially, if not literally, the language of said section.

A PPEAL from the First District Court, parish of Orleans. *Abell,* J.
Criminal case. *John McPhelin,* District Attorney, for the State.
*A. A. Atocha,* for defendant and appellant.

HOWELL, J. The defendant has appealed from a judgment sentencing him to four years' imprisonment at hard labor in the State penitentiary, upon being found guilty of the charge of "publishing as true false, forged and counterfeited certificates of a public officer," etc., under section 833 R. S. of 1870. The case is before us on two bills of exception and a motion in arrest of judgment.

*First*—The first bill is to the refusal of the judge *a quo* to charge the jury as requested by counsel for defendant, that "the prosecuting officer must prove that the party accused knew the certificates uttered were forgeries; if the jury have any doubt as to the guilty knowledge, that being the essence of the offense, they must acquit." The judge had already charged the jury that "they must be satisfied that the prisoner knew the certificates to be forged at the time of passing them, and that if they had any reasonable doubt of his guilt they must acquit." This was substantially the charge asked for by defendant's counsel, though not identical in language, and met the requirements of the law. In 3 Graham & Waterman on N. T. 710 et seq., quoted by appellant's counsel, it is said "the court is not bound to give instructions in the words asked for, however material might the instructions be. But it must take care to give the instructions substantially, so as to meet the whole of the point which is material."

*Second*—The second bill is to the refusal of the judge to instruct the

jury that "the fact that defendant has offered no evidence is in no way to be taken as an admission of guilt." Instead of which the judge charged "that all circumstances against the prisoner within his power to explain which he refuses to do, are to be taken and weighed by the jury as circumstances against the prisoner."

We think the court erred in the refusal, and particularly as he added a charge in words which might have induced the jury, under the circumstances, to believe that defendant's omission to offer any evidence was an admission of his guilt, which is not correct in principle, as the presumption of innocence exists in favor of the accused, and the prosecutor must prove the guilt beyond a reasonable doubt. The accused is justified in relying, if he chooses, upon the insufficiency of the evidence adduced by the prosecution, and his so doing should not be taken as an acknowledgment by him of his guilt.

As this case must be remanded for a new trial, we think it well to pass on the points in the motion in arrest of judgment.

*First*—"The indictment is founded on section 833 R. S. of 1870, and should have been based on section 10 of article 73 of 1872."

Section 833 provides that, "whoever shall forge or counterfeit, or falsely make or alter, * * * any certificate or attestation of any public officer, in any matter wherein his certificate is receivable and may be taken as legal proof, * * * or shall alter or publish as true any such false, altered, forged or counterfeited certificate or attestation, * * * knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, * * * shall be punished by imprisonment at hard labor, for not less than two, nor more than fourteen years."

Section 10 of article 73 of 1872 provides: "That it is hereby declared a felony to forge or falsely sign, fill up, alter or utter, or publish as true any * * * certificate, * * * or any part thereof, as given, made out or signed by the Mayor or any administrator of department of the city of New Orleans, or by any officer, deputy, clerk or other person authorized by them, or either of them, and which may be given credence to, or pass, or be received as genuine or authorized, and be calculated to deceive or defraud any holder, receiver, transferree, pledgee, or other person. Any person, upon being found guilty of such offense, shall be sentenced to imprisonment at hard labor not less than two nor more than twenty years."

We do not see that the latter law so far abrogates the former that a person may not be indicted under the former, as was done in this case, for "publishing as true, false, forged and counterfeited certificates of a public officer," etc.

Both laws are easily construed so as to give effect to each, and will support an indictment if properly drawn up under each respectively.

*Second*—" Whether preferred under the one or the other statute, the indictment does not properly set forth the offense, and is defective in substance."

The first count reads, "feloniously and falsely did publish as true, with intent to injure and defraud Louis W. Perkins, * * * a certain false, forged and counterfeited certificate of a public officer, in a matter wherein his certificate is receivable, and may be taken as legal proof, to wit: a certificate purporting to be a certificate of appropriation of the city of New Orleans, numbered 18,195, for the sum of $601 50 (six hundred and one dollars and fifty cents), purporting to be issued from the department of public accounts of said city, and purporting, moreover, to be signed by N. C. Snethen, and to be paraphed by J. C., meaning John Calhoun—he, the said William Carr, alias James F. Hickey, at the time he so published as true the aforesaid false, forged and counterfeited certificate of a public officer, in a matter wherein his certificate is receivable, and may be taken as legal proof, then and there well knowing the same to be false, forged and counterfeited, *contrary to the form of the statute in such case made and provided.*"

This does, in our opinion, properly set forth the offense described in section 833, R. S. of 1870, under which the indictment was drawn, and is not defective in substance. It follows, substantially if not literally, the language of said section in declaring the publishing as true a false, forged and counterfeited certificate of a public officer, naming one, and describing the certificate so published, and charging knowledge and the felonious intent. The other two counts are equally if not more explicit. Under sections 1049 and 1059 R. S., the description of the instrument is sufficient.

It is therefore ordered that the judgment appealed from be reversed, and that this cause be remanded for a new trial, in accordance with the foregoing opinion and the law.